**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 26-cv-61389-EA**

**Luis David Flores Ruiz**,

Petitioner,

v.

**Miami Field Office Director,** *et al.***,**

Respondents.
_______________________________________/

**ORDER DENYING AND UNSEALING EX PARTE MOTION**

**THIS CAUSE** comes before the Court upon Petitioner Luis David Flores Ruiz's *pro se ex parte* Motion [ECF No. 3]. In the Motion, presently sealed, Petitioner argues that he is entitled to a Temporary Restraining Order under Rule 65(b) of the Federal Rules of Civil Procedure [ECF No. 3 p. 1]. However, Petitioner fails to demonstrate a "substantial likelihood of success on the merits" of his claim, and the Motion does not demonstrate that it must remain under seal. Therefore, the Motion is **DENIED**, and the Court directs the Clerk to **UNSEAL** the Motion.

**Legal Standards**

*Filing Documents Under Seal*

"Unless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). "Absent a showing of extraordinary circumstances," a "court file must remain accessible to the public." *See Brown v. Advantage Engineering*, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern . . . and the common-law right of access to judicial proceedings, an essential component

of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (cleaned up). This right of access "includes the right to inspect and copy public records and documents." *Id.* (citation omitted). "This right of access is not absolute, however [and] may be overcome by a showing of good cause." *Id.*

*Pro Se Pleadings*

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). However, while courts must be highly deferential, they are not permitted to "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted). Additionally, *pro se* parties are required to follow court order, *see Moon v. Newsome*, 863 F.2d 835, 837–39 (11th Cir. 1989), and must abide by procedural rules, including the Federal Rules of Civil Procedure and this Court's Local Rules, *see Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022) (citing *Albra v. Advan, Inc.*, 490 F.3d 816, 819 (11th Cir. 2007)).

**Discussion**

*Petitioner Fails to Satisfy Rule 65(b)*

A Temporary Restraining Order ("TRO") may be issued without notice under Rule 65(b) of the Federal Rules of Civil Procedure only if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Further, even if it meets the standard outline in Rule 65, a TRO shall be granted only if a Movant shows "(1) a substantial likelihood of ultimate success on the merits;

(2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (citation omitted).

First, Petitioner has failed to demonstrate that "immediate and irreparable injury, loss, or damage *will* result" before Respondents could be heard in opposition to his request for a TRO. *See* Fed. R. Civ. P. 65(b)(1)(A). While Petitioner's prior transfer to a detention facility in Texas for one week demonstrates a *possibility* that he be transferred outside of this district in the future, this fact does not "clearly show" that such a transfer is likely to happen again in the near future. And while Petitioner states that his "two-year-old U.S. citizen daughter is being irreparably harmed by the separation from her father and sole financial provider" [ECF No. 3 p. 4], Petitioner must demonstrate "irreparable injury, loss, or damage" to *himself*. *See* Fed. R. Civ. P. 65(b)(1)(A). He has not done so.

Further, Petitioner has failed to demonstrate a substantial likelihood of success on the merits of his claims. While Petitioner argues in his Motion that he is "entitled to an individualized bond hearing" because he "has no criminal record that would subject him to mandatory detention under § 1226(c)," this court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted). And outside of these blanket, self-serving, conclusory statements, Petitioner provides no evidence to support this claim. Therefore, independent of his failure to satisfy Rule 65(b)(1)(A), Petitioner has failed to demonstrate a substantial likelihood of success on the merits of his claims.

**Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's *ex parte* Motion [ECF No. 3] is **DENIED**.

2. Because the Motion includes no information that requires remaining under seal, it is hereby **UNSEALED**.

3. **Nothing in this Order should be construed as a comment on the ultimate merits of the Petition or the claims contained therein**.

4. The Clerk is directed to provide Petitioner with a copy of this Order at the address below and file a notice of compliance on the docket.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 22nd day of May 2026.

**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies Served:

**Luis David Flores Ruiz, *pro se***
A# 221452645
Broward Transitional Center
Inmate Mail/Parcels
3900 North Powerline Road
Pompano Beach, FL 33073

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

**Lair A. Hall, II**
Broward County Attorney's Office
115 South Andrews Avenue
Suite 423
Fort Lauderdale, FL 33301
Email: lair.hall@usdoj.gov